IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CORY FIRZLAFF,<br><br>              Plaintiff,<br><br>v.<br><br>WM. H. REILLY & CO.,<br><br>              Defendant. | **MEMORANDUM DECISION AND ORDER DENYING WM. H. REILLY & CO.'S RULE 37-1 SHORT FORM DISCOVERY MOTION RE CORY FIRZLAFF'S REFUSAL TO PRODUCE COMPETING DOCUMENTS (DOC. NO. 42)**<br><br>Civil No. 2:18-cv-00915-DBB-DAO<br><br>Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Defendant WM. H. Reilly & Co.'s ("Reilly") Rule 37-1 Short Form Discovery Motion Re Cory Firzlaff's Refusal to Produce Competing Documents ("Reilly Mot."), Doc. No. 42. This case was brought by Plaintiff Cory Firzlaff against Reilly, his former employer, asserting claims for unpaid bonuses and reimbursements. (*See* Compl. ¶¶ 10–14, 18–32, Doc. No. 2-1.) Reilly now seeks to compel Mr. Firzlaff to produce documents related to a separate company that Mr. Firzlaff owned and operated during his employment with Reilly. Having reviewed the parties' briefing and considered the arguments of counsel at the June 4, 2020 hearing (Doc. No. 50), the court DENIES Reilly's motion for the reasons set forth below.

BACKGROUND

Mr. Firzlaff worked for Reilly from 2000 to 2017 as its sole sales representative selling industrial products in the intermountain territory of Utah, Montana, western Wyoming, and Idaho. (Compl. ¶¶ 6–7, 16, Doc. No. 2-1.) Mr. Firzlaff filed this action against Reilly in

1

November of 2018, alleging Reilly failed to reimburse him for business expenses and to pay him bonuses due under his employment contract, totaling $392,622.31. (*Id.* at 9–13, 18.) Reilly denies these allegations in its Amended Answer (Doc. No. 10) and asserts no counterclaims against Mr. Firzlaff.

In Request for Production No. 35, Reilly asked Mr. Firzlaff to produce "[a]ll Documents that evidence, constitute, concern, refer, or relate to projects and/or jobs in the IM Territory for which You received payment prior to July 2017 but which You did not report to Reilly." (Ex. 1 to Reilly Mot., Reilly's Second Set of Disc. Reqs. to Cory Firzlaff 7, Doc. No. 42-1.) Mr. Firzlaff initially objected to the request based on relevance and proportionality and stated that he had no responsive documents. (Ex. 2 to Reilly Mot., Pl.'s Resp. to Reilly's Second Set of Disc. Reqs. 3–4, Doc. No. 42-2.) Mr. Firzlaff later testified in his deposition that during his employment with Reilly, he started a new company called TC Sales which sold industrial products that Reilly did not offer. (Ex. 3 to Reilly Mot., Firzlaff Dep. 19:17–25, 20:23–21:2, 316:13–18, Doc. No. 42-3.). Reilly's counsel requested that Mr. Firzlaff produce documents related to TC Sales in response to Request No. 35. (*Id.* at 316:20-25, 317:12–14.) After the deposition, Mr. Firzlaff provided an amended response to Request No. 35 which renewed his objections based on relevance and proportionality, further objected that the request was "unduly burdensome and oppressive," and stated he would not produce the requested documents. (Ex. 4 to Reilly Mot., Pl.'s Am. Resps. to Reilly's Second Set of Disc. Reqs. 3–4, Doc. No. 42-4.)

The fact discovery period ended on October 31, 2019. (*See* Order Granting Second Stipulated Mot. to Extend Case Deadlines 1, Doc. No. 22.) However, Mr. Firzlaff's deposition did not take place until March of 2020. Counsel explained at the June 4, 2020 hearing that the

parties agreed to delay the deposition until discovery disputes regarding other document requests were resolved. However, the parties never sought an extension of the fact discovery deadline beyond October 31, 2019 to accommodate the deposition. As a result, the parties proceeded with expert discovery and completed it in April of 2020, only a month after Mr. Firzlaff's deposition. (*See* Order Granting Stipulated Mot. to Extend Expert Deadlines, Doc. No. 35.) Additionally, Mr. Firzlaff filed a Motion for Partial Summary Judgment (Doc. No. 41) on the dispositive motion deadline of May 1, 2020, which remains pending. Reilly then filed the instant discovery motion on May 14, 2020.

DISCUSSION

Reilly seeks an order compelling Mr. Firzlaff to produce documents related to TC Sales' activities during his employment with Reilly, which Reilly considers responsive to Request No. 35. (Reilly Motion 1–3, Doc. No. 42.) Reilly contends Mr. Firzlaff "admitted under oath in his deposition that he established a competing company" and asserts selling products for TC Sales rather than Reilly constituted a breach of the duty of loyalty under Utah law. (*Id.* at 1–2.) Reilly argues the TC Sales documents are relevant because "any business [Mr.] Firzlaff was diverting away from Reilly in breach of his duty of loyalty should offset any damages [Mr.] Firzlaff has in this case." (*Id.* at 2.)

Mr. Firzlaff counters that the documents lack relevance to the claims or defenses in this case because Reilly has not asserted "any counterclaim against [Mr.] Firzlaff, nor has it pled breach of fiduciary duty, unjust enrichment, or setoff as affirmative defenses." (Pl.'s Opp'n to Def.'s Rule 37-1 Short Form Disc. Mot. ("Firzlaff Opp'n") 2–3, Doc. No. 47.) Mr. Firzlaff also disputes Reilly's characterization of his deposition testimony, pointing out that he testified that

TC Sales did *not* compete with Reilly and only sold products Reilly did not offer. (*Id.* at 2.) Finally, Mr. Firzlaff argues Utah courts have left open the question of whether an employee owes a duty of loyalty not to compete with her employer. (*See id.* at 3.)

Rule 26(b) of the Federal Rules of Civil Procedure governs the scope of discovery and allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

As an initial matter, Reilly's assertion that Mr. Firzlaff "admitted under oath in his deposition that he established a competing company" (Reilly Mot. 1, Doc. No. 42) is unsupported by the portions of the deposition transcript filed with the motion. In the transcript sections provided to the court, Mr. Firzlaff testified only that TC Sales did not compete with Reilly and that TC Sales sold products Reilly did not offer. (Ex. 3 to Reilly Mot., Firzlaff Dep. 19:17–25, 20:23–21:2, 316:13–18, Doc. No. 42-3.) Thus, the premise underlying Reilly's motion—that Mr. Firzlaff's testimony demonstrates he established a competing company—appears to be unsupported.

Further, even if Mr. Firzlaff's testimony did support Reilly's contention, Reilly has not asserted a counterclaim for breach of the duty of loyalty, nor has it asserted any potentially related affirmative defenses such as setoff, breach of fiduciary duty, or unjust enrichment. The only claims pleaded in this case are Mr. Firzlaff's claims related to unpaid bonuses and reimbursements. (*See* Compl., ¶¶ 10–14, 18–32.) And Reilly has failed to demonstrate how the requested TC Sales documents are relevant to Mr. Firzlaff's claims for unpaid bonuses and reimbursements or to Reilly's defenses to those claims under the operative pleadings as they stand.

Reilly relies on Utah case law recognizing that, in certain circumstances, an employee might owe a duty of loyalty not to compete with an employer. However, neither *Heartwood Home Health & Hospice LLC v. Huber*, 2020 UT App 13, 459 P.3d 1060, nor *Prince, Yeates & Geldzahler v. Young*, 2004 UT 26, 94 P.3d 179, addresses whether employees owe a duty of loyalty not to compete with their employers in the circumstances presented here.[1] Further, neither case holds that a breach of the duty of loyalty provides a setoff against damages for other claims where a party has failed to plead an affirmative claim or counterclaim alleging breach of the duty of loyalty. Instead, both cases involved affirmative claims for breach of a duty by an employee. *Cf. Prince*, 2004 UT 26, ¶ 7 (addressing law firm's claim for breach of fiduciary duty against former associate); *Heartwood*, 2020 UT App 13, ¶ 5 (addressing home health care agency's claim for breach of the duty of loyalty against former employees). Simply put, Reilly has not cited any cases holding that a breach of a duty of loyalty provides a setoff against a plaintiff's damages where no counterclaim for such a breach has been pleaded.

Moreover, even if the case law supported the argument that an unpleaded breach of the duty of loyalty could offset damages as to other claims, Reilly has offered no rationale for treating a breach of the duty of loyalty as a setoff in this particular case. For example, Reilly

---

[1] *Prince, Yeates & Geldzahler v. Young* imposed a fiduciary duty of non-competition specifically for Utah attorneys employed by law firms or legal services providers, based in part on the court's authority to regulate members of the Utah Bar. 2004 UT 26, ¶ 23, 94 P.3d 179 ("Because of the privilege granted to engage in the practice of law, we impose upon members of our bar a fiduciary duty that encompasses the obligation to not compete with their employer, which we define as any law firm or legal services provider who may employ them in a legal capacity, without the employer's prior knowledge and agreement."). *Heartwood Home Health & Hospice LLC v. Huber* held there was no breach of a duty of loyalty when a home health aide's patients followed her to a new employer. 2020 UT App 13, ¶ 28, 459 P.3d 1060.

never alleged it failed to pay Mr. Firzlaff bonuses or reimbursements because he competed with Reilly during his employment. (*See* Reilly's First Am. Answer to Pl.'s Compl., Doc. No. 10.) Thus, no factual connection exists between Mr. Firzlaff's claimed damages relating to unpaid bonuses and reimbursements and the purported breach of the duty of loyalty. Therefore, the court is unpersuaded that a purported breach of the duty of loyalty should be treated as a setoff against Mr. Firzlaff's claimed damages in this case and is unpersuaded the requested documents are relevant to the claims as they stand.

Finally, allowing Reilly to pursue discovery on a new, unpleaded claim for breach of the duty of loyalty at this stage would significantly delay resolution of the case. The fact discovery and expert discovery periods have closed, the dispositive motion deadline has passed, and a motion for partial summary judgment is pending. (*See* Order Granting Second Stipulated Mot. to Extend Case Deadlines 1, Doc. No. 22 (October 31, 2019 fact discovery cut-off); Order Granting Stipulated Mot. to Extend Expert Deadlines 1, Doc. No. 35 (April 17, 2020 expert discovery cut-off; May 1, 2020 dispositive motion deadline); Mot. for Partial Summ. J., Doc. No. 41.) If Reilly were permitted to pursue this new line of inquiry, fact discovery and expert discovery would need to be reopened to allow the parties to investigate the nature and extent of the allegedly competing activities and the amount of any claimed setoff. Such a delay is unwarranted given the circumstances of this case and the lack of relevancy of such discovery.

## CONCLUSION

As set forth above, Reilly has not asserted any counterclaim or affirmative defense based on a breach of the duty of loyalty. Further, Reilly has failed to demonstrate the requested TC Sales documents are relevant to either Mr. Firzlaff's claims for unpaid bonuses and

reimbursements or to Reilly's defenses to those claims under the pleadings as they stand. Therefore, the court concludes that Reilly is not entitled to pursue discovery regarding those documents and DENIES Reilly's motion.

     DATED this 19th day of June, 2020.

                                        BY THE COURT:

                                        Daphne A. Oberg
                                        United States Magistrate Judge